UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re *Ex Parte* Application of<br><br>Clara Moussa Boustany,<br><br>*Applicant*,<br><br>for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in a Foreign Proceeding | Case No. 1:23-mc-27 |

## MEMORANDUM OF LAW IN SUPPORT OF
## *EX PARTE* APPLICATION FOR AN ORDER UNDER 28 U.S.C. § 1782
## TO OBTAIN DISCOVERY FOR USE IN A FOREIGN PROCEEDING

Applicant Clara Moussa Boustany respectfully submits this memorandum of law in support of her *ex parte*[1] application for an order pursuant to U.S.C. § 1782 granting her leave to conduct discovery for use in pending legal proceedings in Monaco from two individuals found in this district: Stephen Valkenborg and Makram Abboud.[2] This application arises out of divorce proceedings her husband, Fadi Boustany, initiated in Monaco in 2022. More specifically, Moussa Boustany seeks to discover evidence of Boustany's income and assets, which she will submit to the Monegasque courts in connection with a dispute regarding the amount of the monthly payments Boustany must pay Moussa Boustany during the divorce proceedings as well as the amount of the compensation Boustany must pay after the end of the marriage.

---

[1] "[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*." *In re Hornbeam Corporation*, 722 Fed.Appx. 7, 11 (2d Cir. 2018) (quoting *Gushlak v. Gushlak*, 486 Fed.Appx. 215, 217 (2d Cir. 2012)).

[2] Moussa Boustany is simultaneously applying to the United States District Court for the Southern District of Florida for an order under 28 U.S.C. § 1782 to obtain discovery from a separate individual found in that jurisdiction, Antonio Ellek.

1

This application is further supported by the declarations of Moussa Boustany and Sarah Filippi (Moussa Boustany's counsel in the Monaco proceedings).

## STATEMENT OF FACTS

Applicant Moussa Boustany and her husband, Fadi Boustany have been married for 16 years.[3] They have three minor children.[4] Boustany suffers from multiple sclerosis, which has left him almost entirely physically disabled.[5]

### A. Boustany has filed for divorce in Monaco.

On October 26, 2022, Boustany commenced divorce proceedings before a Monegasque court.[6] On January 11, 2023, Boustany and Moussa Boustany participated in a "conciliation hearing" — a mandatory preliminary hearing after which a magistrate considers provisional measures to apply during the pendency of the divorce proceedings.[7]

Under Monegasque law, Moussa Boustany may request a monetary allowance for the duration of the divorce proceedings as well as a compensation upon the ending of the marriage based on various criteria, including the income and assets of the parties.[8] The purpose of the allowance and the compensation is to ensure that Moussa Boustany and their children are able to continue the lifestyle to which they have become accustomed.[9]

---

[3] Moussa Boustany Decl. ¶ 2.

[4] *Id.*

[5] *Id.* ¶ 3.

[6] Filippi Decl. ¶¶ 6-9.

[7] *Id.* ¶ 9.

[8] *Id.* ¶ 10.

[9] *Id.*

In advance of the conciliation hearing, Boustany proposed monthly maintenance payments of €21,000 plus €4,000 in child support.[10] Moussa Boustany has requested maintenance payments of €205,000 per month for herself and €60,000 per month for the three children.[11]

In the month following the order to be entered by the Monegasque magistrate on February 1, 2023, Moussa Boustany will have to summon his wife before the Monegasque Court of First Instance to have the terms of the divorce — including the financial compensation — fixed.[12]

### B. Boustany is a very wealthy man with an extravagant lifestyle.

Boustany lives in an apartment whose monthly rent is estimated at approximately €100,000 (€1.2 million per year).[13] He travels frequently on private jets and employs three drivers and four caretakers, among other staff.[14]

Boustany controls the Metropole group, which has been valued at nearly €3 billion.[15] The Metropole group owns a 5-star "palace" hotel in Monaco's Golden Triangle, an adjacent luxury residence building, a shopping center with approximately 80 shops and six restaurants, and a parking facility with spaces that sell for €500,000.[16]

---

[10] *Id.* ¶ 11.
[11] *Id.* ¶ 12.
[12] *Id.* ¶ 14.
[13] Filippi Decl. ¶ 19; Moussa Boustany Decl. ¶ 9.
[14] *Id.*
[15] Filippi Decl. ¶¶ 17-18.
[16] Filippi Decl. ¶ 17; Moussa Boustany Decl. ¶ 6.

Boustany also holds an interest in a Lebanese company, Solidere, which has reported assets of approximately $2 billion.[17]

### C. Boustany has misled the Monegasque court regarding his finances.

Boustany has represented to the Monegasque court that he has an income of €50,000 per month — an amount much lower than his fixed monthly expenses.[18] Boustany has not disclosed his income and dividends from the Metropole group or Solidare to the court.[19] Thus, it is apparent that Boustany is misleading the Monegasque court regarding his true income.

Further, Boustany recently transferred substantial assets into a trust, without Moussa Boustany's knowledge, apparently to shield those assets from matrimonial and inheritance laws.[20]

### D. Stephen Valkenborg and Makram Abboud have pertinent information regarding Boustany's finances.

Stephen Valkenborg, who maintains a residence in New York City, was the general manager of the Metropole shopping center from 2017 through 2022.[21] Valkenborg thus has information relevant to Boustany's income and assets, including balance sheets, proof of income from leases and profit sharing on store sales, and the amount of dividends and/or salaries paid to shareholders.[22]

---

[17] Filippi Decl. ¶ 24; Moussa Boustany Decl. ¶ 8.
[18] Filippi Decl. ¶ 16; Moussa Boustany Decl. ¶ 5.
[19] Filippi Decl. ¶ 25.
[20] Filippi Decl. ¶¶ 21-22; Moussa Boustany Decl. ¶¶ 13-14.
[21] Filippi Decl. ¶ 26; Moussa Boustany Decl. ¶ 10.
[22] Filippi Decl. ¶ 26.

Makram Abboud, who maintains a residence in New York City, is a director of Solidere.[23] Abboud thus has information relevant to Boustany's income and assets, including Solidere's governing documents, minutes of board meetings held since 2018, revenue information from 2018 through 2022, and the amount of dividends and/or salaries paid to shareholders.[24]

The documents and information in Valkenborg and Abboud's possession, custody, and control are necessary for the Monegasque court to get an accurate picture of Boustany's finances and fairly determine the amounts due to Moussa Boustany.[25]

## ARGUMENT

Section 1782 is intended to "provid[e] efficient means of assistance to participants in international litigation … and encourage[e] foreign countries by example to provide similar means of assistance to [U.S.] courts."[26] In service of these primary aims, the statute has been given "increasingly broad applicability."[27]

In deciding whether to grant a section 1782 application, this Court must consider whether (1) the statutory requirements have been met and (2) the four factors articulated by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*[28] weigh in favor of granting the application. As set forth below, the statutory requirements have been met and the *Intel* factors weigh in favor of granting Moussa Boustany's application.

---

[23] Filippi Decl. ¶ 28.

[24] *Id.*

[25] Filippi Decl. ¶ 32.

[26] *In re Catalyst Managerial Servs., DMCC*, 680 F.Appx. 37, 38 (2d Cir. 2017) (citation omitted).

[27] *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012) (citations omitted).

[28] *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 124 S.Ct. 2466, 159 L.Ed.2d 355 (2004).

## I. Moussa Boustany's application meets the statutory requirements of 28 U.S.C. § 1782.

Section 1782 authorizes a district court to order a person to produce documents or testimony for use in a foreign proceeding where three requirements are met: "(1) the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by … 'any interested person'."[29] This application meets each of those requirements.

*First*, Valkenborg and Abboud "reside[] or [are] found" in the Southern District of New York. Both own residences in Manhattan.[30] Valkenborg's permanent residence is here and Abboud stays regularly at his New York apartment.[31]

*Second*, the requested discovery is "for use in a proceeding before a foreign tribunal" — *i.e.*, the Boustany divorce proceeding in Monaco. Courts routinely grant section 1782 applications in connection with foreign divorce proceedings.[32]

*Third*, as a party to the pending Monegasque proceedings, Moussa Boustany is unquestionably an "interested person" under Section 1782. "No doubt litigants are included

---

[29] *In re Application of Chevron*, 709 F. Supp. 2d 283, 290 (S.D.N.Y. 2010).

[30] Moussa Boustany Decl. ¶¶ 11-12.

[31] *Id.*

[32] *See, e.g., In re Request for Judicial Assistance from People's Court of Da Nang City in Vietnam in Matter of Dinh v. Nguyen*, Case No. 22-mc-80149-JST, 2022 WL 3327923, at *2 (N.D. Cal. Aug. 11, 2022); *In re Request for Judicial Assistance from 13th Family Court of Istanbul, Turkey in Matter of Canbilek v. Canbilek*, Case No. 21-20405 (BRM) (LDW), 2022 WL 721912, at *2 (D.N.J. Feb. 18, 2022); *In re MacDonell*, Case No. 2:20-cv-1332 KJM DB, 2020 WL 3961958, at *2 (E.D.Cal. July 13, 2020); *In re Mariani*, Case No. 20 Misc. 152 (JGK) (GWG), 2020 WL 1887855, at *1 (S.D.N.Y. April 16, 2020); *In re Republic of Argentina*, 2020 WL 3046029, at *1.

among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782."[33]

## II. The *Intel* factors militate in favor of granting this application.

The Supreme Court has identified four factors that should be considered in ruling on a Section 1782 application: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," (2) the "nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance," (3) whether the discovery request is "an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States," and (4) whether the request is "unduly intrusive or burdensome."[34] Each of these factors weighs in favor of granting Moussa Boustany's request for discovery.

*First*, Valkenborg and Abboud are not participants in the foreign proceedings — Moussa Boustany and Boustany are the only parties.[35] Because Valkenborg and Abboud are not participants in that proceeding and do not reside in Monaco, the Monegasque court does not have jurisdiction over them and cannot compel them to produce the requested evidence.[36] Absent this court's assistance, Moussa Boustany would be unable to obtain the necessary information. Thus, this factor weighs in favor of granting Moussa Boustany's application.[37]

---

[33] *Intel*, 542 U.S. at 256 (alteration in original); *see also In re Mariani*, 2020 WL 1887855, at *1.

[34] *Intel* at 264-265.

[35] Filippi Decl. ¶ 35.

[36] *Id*.

[37] *Intel*, 542 U.S. at 264; *In re Accent Delight International Ltd.*, 791 Fed.Appx. 247, 251 (2d Cir. 2019).

*Second*, the nature of the divorce proceedings is such that the Monegasque court can be expected to be receptive to the information sought via this application.[38] This factor weighs in favor of granting the application unless the court is presented with "authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782."[39] Here, the Monegasque court must consider Boustany's financial condition in determining the amount of payments Boustany must make to Moussa Boustany.[40] Thus, the Monegasque court is likely to welcome the evidence of Boustany's holdings, income, and other benefits that Moussa Boustany seeks via this application.

*Third*, Moussa Boustany is not attempting to circumvent any applicable proof-gathering restrictions. Rather, she is seeking in good faith relevant discovery from a non-party beyond the jurisdiction of the Monegasque court. This factor weighs in favor of granting the application unless the laws of the foreign country preclude the use of the requested evidence.[41] Monegasque law does not preclude the use of the requested evidence.[42] To the contrary, as explained above, the Monegasque court is likely to welcome documents and recorded testimony concerning Boustany's finances.

*Fourth*, the discovery sought is not burdensome and falls well within the scope of discovery authorized by Rule 26 of the Federal Rules of Civil Procedure, which govern discovery under Section 1782.[43]. Moussa Boustany seeks only information directly relevant to

---

[38] Filippi Decl. ¶¶ 32-33.

[39] *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995).

[40] Filippi Decl. ¶ 15.

[41] *Mees v. Buiter*, 793 F.3d 291, 303 (2d Cir. 2015).

[42] Filippi Decl. ¶ 34.

[43] *See Mees* at 302.

the Monegasque court's determination of how much Boustany must pay her after the divorce: documents and testimony concerning specific assets, income, and transactions.[44] Moreover, the requested evidence should be readily accessible in electronic files. Any incidental burden is outweighed by the central importance of the requested information to the divorce proceedings.

## CONCLUSION

For the reasons set forth herein, this Court should grant Moussa Boustany's application and enter an order authorizing Moussa Boustany to issue and serve subpoenas on Stephen Valkenborg and Makram Abboud containing the substance and form of the subpoenas attached as Exhibits A and B to Moussa Boustany's application.

Dated:     New York, New York
           January 30, 2023

                                    Respectfully submitted,

                                    **LUPKIN PLLC**


                                    By:      /s/ Michael B. Smith
                                          Jonathan D. Lupkin
                                          Michael B. Smith

                                    80 Broad Street, Suite 1301
                                    New York, NY 10004
                                    Tel: (646) 367-2771
                                    Fax: (646) 219-4870
                                    jlupkin@lupkinpllc.com
                                    msmith@lupkinpllc.com

                                    *Counsel for Clara Moussa Boustany*

---

[44] *See* Application of Clara Moussa Boustany for an Order Pursuant to 28 U.S.C. § 1782 to Obtain Discovery for Use in a Foreign Proceeding, Exs. A & B.