# DECLARATION OF SARAH FILIPPI

SARAH FILIPPI declares and says, pursuant to 28 U.S.C. § 1746, as follows:

1. I am an attorney admitted to the bar of Monaco since January 2009. A copy of my CV is attached hereto as Exhibit A.

2. I have been retained by Clara MOUSSA BOUSTANY to assist her in divorce proceedings initiated by her husband, Fadi BOUSTANY.

3. I make this declaration in support of Clara MOUSSA BOUSTANY's application for discovery which will be submitted before the American courts in accordance with 28 United States Code, Section 1782. The discovery being sought is directly relevant to the divorce proceedings.

**Divorce Proceedings**

4. According to a petition dated October 26, 2022, before the Monegasque courts, Fadi BOUSTANY asked for authorization to summon Clara MOUSSA BOUSTANY to a conciliation hearing pertaining to Fadi BOUSTANY's request for a divorce. A copy of that petition, together with an English translation, is attached hereto as Exhibit B.

5. By an order dated October 26, 2022, he was authorized to do so.

6. The parties have been summoned to a conciliation hearing, which is a mandatory preliminary hearing at which the magistrate will decide the parties' claims and issue provisional measures that will apply during the divorce proceedings.

7. The preliminary hearing was initially set for November 16, 2022.

8. Fadi BOUSTANY requested a postponement of the said hearing, which was adjourned most recently until January 11, 2023.

1

9. The hearing was held on January 11, 2023, and the magistrate has not yet issued a decision regarding provisional measures to apply during the ongoing divorce proceedings.

**Monthly Allowance**

10. Under Monegasque law, Clara MOUSA BOUSTANY may request a monetary allowance calculated on various criteria, including the income and assets of the parties, to compensate for the disparity that the breakdown of the marriage creates in the parties' respective lifestyles.

11. In advance of the preliminary hearing, Fadi BOUSTANY has proposed to pay to his wife, as a duty of support, a monthly maintenance allowance of €21,000 plus €4,000 for the three common children — two aged 9 and one aged 15.

12. Clara MOUSSA BOUSTANY has requested a monthly maintenance allowance of €205,000 for herself and a support of €60,000 for the three common children. A copy of Clara MOUSSA BOUSTANY's November 15, 2022, submission to the conciliation magistrate, together with an English translation, is attached hereto as Exhibit C.

13. At the preliminary hearing, the magistrate shall take into consideration, among other things, the income and assets and lifestyle of the parties to evaluate the wife's rights.

14. In the month following the order rendered at the end of the conciliation hearing — order of non-conciliation — Fadi BOUSTANY, plaintiff to the proceedings, will have to summon his wife before the Court of First Instance to request the divorce and to have the consequences of the divorce fixed.

15. In determining the amount of payments Fadi BOUSTANY must make to Clara MOUSSA BOUSTANY, the Court of First Instance must take into account Fadi BOUSTANY's income, assets, and lifestyle.

**Fadi BOUSTANY's Finances**

16. Fadi BOUSTANY declares in his court submissions in Monaco an income of €50,000 per month, which is significantly lower than the fixed expenses he assumes, which leads us to believe that he hides an important part of his income and an important part of his assets.

17. He declares himself to have a controlling 70% shareholding in the Metropole group, which comprises a 5-star "palace" hotel in the Golden Triangle in Monaco, an adjacent luxury residence building, a parking facility with more than 130 spaces (with a single one being on sale for €500,000), and a shopping center with approximately 80 shops and six restaurants.

18. I am informed and believe that Fadi BOUSTANY once refused an offer to sell the Metropole group for two billion euros. The hotel and shopping center also are advertised for sale for €2.95 billion.[1]

19. I am informed and believe that Fadi BOUSTANY lives in a flat whose monthly rent is estimated at approximately €100,000. He travels on private jets and employs three drivers and four caretakers among other staff.

20. This lifestyle is inconsistent with the declared income as described above.

21. Furthermore, I am informed and believe that substantial assets of Fadi BOUSTANY were recently transferred into a trust without informing Clara MOUSSA BOUSTANY.

22. These arrangements seem to have been made to deprive Clara MOUSSA BOUSTANY of her rights under the Monegasque matrimonial law and also under the inheritance law, as provided for by Swiss, French, Lebanese, and Monegasque law, which would have been

---

[1] https://casinossale.com/properties/hotel-shopping-center-for-sale-monte-carlo-monaco/

applicable to the estate of Fadi BOUSTANY, who suffers from multiple sclerosis, an incurable disease that has left him 98% physically disabled to date.

23. The amounts of these transfers also speak to the extent of Fadi BOUSTANY's wealth.

24. By way of examples only, and according to the information accessible so far, Fadi BOUSTANY:

- Is the manager and majority partner of the SCI METROPOLE (up to 70%), which holds 40% of the commercial premises of the Metropole shopping center, in addition to the residence, and the hotel of the same name mentioned above.
- Owns shares in the Lebanese company SOLIDERE, which has reported assets of approximately $2 billion.

25. Fadi BOUSTANY's income and dividends from these two entities have not been declared to the Monegasque court.

**Persons with Information**

26. Stephen VALKENBORG, in his capacity as general manager of the Metropole shopping center from 2017 to December 2022, should have relevant information to determine the assets and the income of Fadi BOUSTANY, including but not limited to:

- the company's balance sheets,
- proof of rental income (leases and profit sharing on store sales), and
- the amount of dividends and/or salaries received by the shareholders.

27. I am informed and believe that Stephen VALKENBORG maintains a residence in New York City.

28.     Makram ABBOUD, in his capacity as a Board Member of the company SOLIDERE, should have accounting and financial information relating to the revenues of the company and/or dividends received by the shareholders, including Fadi BOUSTANY, as well as other information and documents relevant to determine the quantum of the rights of Clara MOUSSA BOUSTANY, such as for instance:

- the initial and updated articles of association of the company SOLIDERE,
- the minutes of board of directors meetings held between 2018 and the date of the hearing, if any,
- the revenues from 2018 to 2022, and
- the amount of dividends and/or salaries received by the shareholders for the same period of time.

29.     I am informed and believe that Makram ABBOUD maintains a residence in New York City.

30.     I am further informed and believe that Antonio ELLEK is a trustee of a trust into which Fadi BOUSTANY transferred substantial assets in recent years without informing Clara MOUSSA BOUSTANY. Thus, he should have information pertaining to the terms of the trust and Fadi BOUSTANY's transfers into or out of that trust.

31.     I am informed and believe that Antonio ELLEK maintains a residence in Coral Gables, Florida

32.     The testimonies of Stephen VALKENBORG, Makram ABBOUD, and Antonio ELLEK and the documents to which they have or have had access in the course of their duties are essential to enlighten the Monegasque courts on the income and assets of Fadi BOUSTANY and to allow for a fair evaluation of the rights of Clara MOUSSA BOUSTANY as his wife.

33. Based upon my experience practicing before the Monegasque courts, I believe the court would welcome the introduction of such evidence.

34. If Stephen VALKENBORG and Makram ABBOUD were subject to the Monegasque court's jurisdiction, it would be permissible under Monegasque law to request, obtain, and introduce the evidence being requested here.

35. Stephen VALKENBORG, Makram ABBOUD, and Antonio ELLEK are not parties to the divorce proceedings and are not residents of Monaco. Accordingly, the Monegasque court cannot compel them to produce the requested evidence.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:   Principality of Monaco
         January 20, 2023

**Sarah FILIPPI**
Avocat - Défenseur
20, Avenue de Fontvieille
98000 MONACO
Tél. (+377) 93 25 07 81
Fax (+377) 97 97 87 70
contact@sfilippi.com

SARAH FILIPPI